**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**　　　　　　　　　　　　Case No. 04-80573

**vs.**　　　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD

**FREDRICO RENEE PORTER,**

      **Defendant.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss with Prejudice for Violation of Standing Order for Discovery and Reciprocal *Brady* Disclosure, filed on August 7, 2006.[1] A hearing was held on this matter on August 28, 2006.  For the reasons set forth below, the Court denied Defendant's Motion to Dismiss with Prejudice for Violation of Standing Order and Reciprocal *Brady* Disclosure on the record.

**II.  STATEMENT OF FACTS**

On June 29, 2006, Defendant Fredrico Renee Porter was indicted for being in violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  On September 23, 2004, a federal grand jury returned a first superseding indictment charging Defendant with one count of Felon in

---

[1] The Government argues the Court should strike this Motion as it was filed beyond the Motion cut-off date and Defendant did not request permission to file the motion.  The Court acknowledges the motion is filed beyond the cut-off date.  However, the Court addresses the motion herein.  The Government's Motion to Strike Defendant's Motion to Dismiss is therefore DENIED.

Possession of a Firearm following Three Violent Felony and/or Serious Drug Convictions, in violation of 18 U.S.C. §§ 922(g) and 924(e).

An affidavit completed by Brian D. Beardsley, Special Agent ["Special Agent Beardsley"] with the Bureau of Alcohol, Tobacco, Firearms and Explosives ["ATF"]. In the affidavit, Special Agent Beardsley states that according to a police report received from the Jackson Police Department dated May 8, 2004, police officers were dispatched to a report of a fight at the Sauk Trial Post. Officers in the immediate area heard 3 to 4 gunshots coming from that area. Pursuant to an investigation of the incident, officers located Defendant and Kevin Hunt. The investigation revealed that Defendant and Kevin Hunt had been involved in a confrontation with one another. Kevin Hunt was determined by the officers to be the victim, and Defendant was determined to be a suspect. A warrant was obtained to search Defendant's vehicle and a Smith and Wesson .357 caliber handgun was located under a seat in Defendant's vehicle. Inside the cylinder of the weapon were 3 spent shell casings along with 3 live rounds of ammunition. When the police recovered the handgun, the serial and model numbers had been obliterated.

### III.  ANALYSIS & APPLICABLE LAW

Defendant argues that the Superseding Indictment against him should be dismissed due to the Government's violation of the standing order for discovery under Fed. R. Crim. P. 16 and for its failure to disclose exculpatory *Brady* evidence, that is the identity of the owner of the Smith and Wesson .357 caliber handgun, discovered during the search of Defendant's vehicle. *See Brady* v. *Maryland*, 373 U.S. 83; 83 S. Ct. 1194; 10 L. Ed. 2d 215 (1963), *U.S.* v. *Argus*, 427 U.S. 97; 96 S. Ct. 2392; 49 L. Ed. 342 (1976).

In his motion, Defendant argues he repeatedly requested the Government provide the identity of the handgun owner. Defendant further asserts he never received the requested information. Defendant appears to be under the impression that the Government is purposefully concealing the identity of the owner of the handgun from him. Defendant believes that the gun in question is a government issued weapon that was stolen from the police department in San Antonio, Texas. This confusion stems from Officer Grimm's admitted error in reading the printout of the Law Enforcement Information Network (LEIN). Officer Grimm incorrectly read the printout and concluded that the handgun, bearing serial number 8CF8270, was stolen as indicated by the National Crime Information Computer (NCIC). Upon further inspection, Officer Grimm determined and acknowledged that the discernable serial number on the gun was in fact 88270, and not 8CF8270. (Def.'s Motion to Dismiss, Exh. H-3). Additionally, it should be noted that the Government is not purposefully concealing information from Defendant. Since the serial number on the gun was obliterated, ATF was forced to obtain and use the serial number information located underneath the grip for its firearm trace investigation. (Def.'s Motion to Dismiss, Exh. G). The gun trace results concluded that the serial number identified was invalid, and was missing an Alpha-Prefixed serial number. (Def.'s Motion to Dismiss, Exh. H-5). It appears that the Alpha-Prefixed serial number is undiscoverable due to the obliteration of the serial number on the handgun. The Government insists the firearm cannot be traced to an owner.

Even if this information could be obtained by the Government, this Court fails to see how such information would be exculpatory of Defendant's guilt. Defendant is charged with violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. The .357 Smith & Wesson

caliber handgun was allegedly found in Defendant's possession, underneath a seat in his car.  In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is *material* either to guilt or to punishment . . ."  *Brady,*  373 U.S. at 87 (emphasis added).  The owner of the handgun is immaterial to the crime for which Defendant is charged in the Superseding Indictment.  Defendant has not demonstrated how a determination of the ownership of the gun is exculpatory evidence.

     Accordingly,

     IT IS ORDERED that Defendant's Motion to Dismiss with Prejudice for Violation of Standing Order for Discovery and Reciprocal *Brady* Disclosure **[Docket No. 125, filed August 7, 2006]** is DENIED.

     IT IS ORDERED that the Government's Motion to Strike Defendant's Motion to Dismiss with Prejudice for Violation of Standing Order and Reciprocal *Brady* Disclosure [**Docket No. 129, filed August 25, 2006**] is DENIED.

Dated: August 28, 2006             /s/ Denise Page Hood
                                         DENISE PAGE HOOD
                                         United States District Judge

     I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2006, by electronic and/or ordinary mail.

                                           S/William F. Lewis
                                           Case Manager

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**　　　　　　　　　　　　Case No. 04-80573

**vs.**　　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD

**FREDRICO RENEE PORTER,**

       **Defendant.**

                         /

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

     This matter is before the Court on Defendant's Motion to Dismiss with Prejudice for Violation of Standing Order for Discovery and Reciprocal *Brady* Disclosure, filed on August 7, 2006.[1] A hearing was held on this matter on August 28, 2006. For the reasons set forth below, the Court denied Defendant's Motion to Dismiss with Prejudice for Violation of Standing Order and Reciprocal *Brady* Disclosure on the record.

**II. STATEMENT OF FACTS**

     On June 29, 2006, Defendant Fredrico Renee Porter was indicted for being in violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On September 23, 2004, a federal grand jury returned a first superseding indictment charging Defendant with one count of Felon in

---

[1] The Government argues the Court should strike this Motion as it was filed beyond the Motion cut-off date and Defendant did not request permission to file the motion. The Court acknowledges the motion is filed beyond the cut-off date. However, the Court addresses the motion herein. The Government's Motion to Strike Defendant's Motion to Dismiss is therefore DENIED.

Possession of a Firearm following Three Violent Felony and/or Serious Drug Convictions, in violation of 18 U.S.C. §§ 922(g) and 924(e).

An affidavit completed by Brian D. Beardsley, Special Agent ["Special Agent Beardsley"] with the Bureau of Alcohol, Tobacco, Firearms and Explosives ["ATF"].  In the affidavit, Special Agent Beardsley states that according to a police report received from the Jackson Police Department dated May 8, 2004, police officers were dispatched to a report of a fight at the Sauk Trial Post.  Officers in the immediate area heard 3 to 4 gunshots coming from that area.  Pursuant to an investigation of the incident, officers located Defendant and Kevin Hunt.  The investigation revealed that Defendant and Kevin Hunt had been involved in a confrontation with one another.  Kevin Hunt was determined by the officers to be the victim, and Defendant was determined to be a suspect.  A warrant was obtained to search Defendant's vehicle and a Smith and Wesson .357 caliber handgun was located under a seat in Defendant's vehicle.  Inside the cylinder of the weapon were 3 spent shell casings along with 3 live rounds of ammunition. When the police recovered the handgun, the serial and model numbers had been obliterated.

## III.  ANALYSIS & APPLICABLE LAW

Defendant argues that the Superseding Indictment against him should be dismissed due to the Government's violation of the standing order for discovery under Fed. R. Crim. P. 16 and for its failure to disclose exculpatory *Brady* evidence, that is the identity of the owner of the Smith and Wesson .357 caliber handgun, discovered during the search of Defendant's vehicle.  *See Brady* v. *Maryland*, 373 U.S. 83; 83 S. Ct. 1194; 10 L. Ed. 2d 215 (1963), *U.S.* v. *Argus*, 427 U.S. 97; 96 S. Ct. 2392; 49 L. Ed. 342 (1976).

In his motion, Defendant argues he repeatedly requested the Government provide the identity of the handgun owner.  Defendant further asserts he never received the requested information.  Defendant appears to be under the impression that the Government is purposefully concealing the identity of the owner of the handgun from him.  Defendant believes that the gun in question is a government issued weapon that was stolen from the police department in San Antonio, Texas.  This confusion stems from Officer Grimm's admitted error in reading the printout of the Law Enforcement Information Network (LEIN).  Officer Grimm incorrectly read the printout and concluded that the handgun, bearing serial number 8CF8270, was stolen as indicated by the National Crime Information Computer (NCIC).  Upon further inspection, Officer Grimm determined and acknowledged that the discernable serial number on the gun was in fact 88270, and not 8CF8270. (Def.'s Motion to Dismiss, Exh. H-3). Additionally, it should be noted that the Government is not purposefully concealing information from Defendant.  Since the serial number on the gun was obliterated,  ATF was forced to obtain and use the serial number information located underneath the grip for its firearm trace investigation.  (Def.'s Motion to Dismiss, Exh. G). The gun trace results concluded that the serial number identified was invalid, and was missing an Alpha-Prefixed serial number. (Def.'s Motion to Dismiss, Exh. H-5).  It appears that the Alpha-Prefixed serial number is undiscoverable due to the obliteration of the serial number on the handgun.  The Government insists the firearm cannot be traced to an owner.

Even if this information could be obtained by the Government, this Court fails to see how such information would be exculpatory of Defendant's guilt.  Defendant is charged with violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  The .357 Smith & Wesson

caliber handgun was allegedly found in Defendant's possession, underneath a seat in his car.  In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is *material* either to guilt or to punishment . . ."  *Brady,*  373 U.S. at 87 (emphasis added).  The owner of the handgun is immaterial to the crime for which Defendant is charged in the Superseding Indictment.  Defendant has not demonstrated how a determination of the ownership of the gun is exculpatory evidence.

     Accordingly,

     IT IS ORDERED that Defendant's Motion to Dismiss with Prejudice for Violation of Standing Order for Discovery and Reciprocal *Brady* Disclosure **[Docket No. 125, filed August 7, 2006]** is DENIED.

     IT IS ORDERED that the Government's Motion to Strike Defendant's Motion to Dismiss with Prejudice for Violation of Standing Order and Reciprocal *Brady* Disclosure [**Docket No. 129, filed August 25, 2006**] is DENIED.


Dated: August 28, 2006                                            /s/ Denise Page Hood
                                                                              DENISE PAGE HOOD
                                                                              United States District Judge


     I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2006, by electronic and/or ordinary mail.

                                                                               S/William F. Lewis
                                                                               Case Manager